[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12602
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 22, 2010
JOHN LEY
ACTING CLERK

Agency No. A089-160-289

NATALIA RAMIREZ-AGUILAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 22, 2010)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Natalia Ramirez-Aguilar petitions pro se for review of the denial of her application for asylum and withholding of removal under the Immigration and Nationality Act and relief under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). The Board of Immigration Appeals and the immigration judge found that Ramirez failed to prove she was eligible for asylum or withholding of removal because her allegations were not sufficiently detailed or corroborated to establish she suffered past persecution on account of a protected ground. We deny the petition.

Ramirez makes two arguments, but we lack jurisdiction to consider one of those arguments. Ramirez argues that she is eligible for asylum and withholding of removal based on a well-founded fear of future persecution. Ramirez also argues that she was eligible for relief under the Convention, but she failed to present that argument to the Board. "[A]bsent a cognizable excuse or exception, we lack jurisdiction to consider claims that have not been raised before the [Board].'" Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

Substantial evidence supports the finding that Ramirez did not suffer past persecution on account of a protected ground. Ramirez's testimony that she received a threatening phone call and a pamphlet establishes that Ramirez suffered harassment, not persecution. See Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1238

2

(11th Cir. 2006); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005).  Although Ramirez argues that she was almost kidnapped because of her opposition to the Revolutionary Armed Forces, the record does not compel that finding.  See Sepulveda, 401 F.3d at 1231.  Ramirez was vague about her political activities.  When prompted for details, Ramirez testified she worked on weekends with local farmers to prevent them from cultivating drugs, but she later testified that she served as a "link"and as a "coordinator" between a university and the farmers.  Ramirez also was ambiguous about her attackers' motives.  Ramirez waited until redirect examination to mention that her attackers identified themselves with the Revolutionary Forces.  According to Ramirez, the attackers did not identify themselves as members of the Revolutionary Forces and instead told Ramirez that she would "have to deal with the FARC."  The immigration judge asked Ramirez to submit a copy of the police report about the incident, but the Board was entitled to find that the document she submitted did not corroborate her story.  See INS § 208(b)(1)(B)(ii); 8 U.S.C. § 1158(b)(1)(B)(ii).  Although the document bore the letterhead of "M. Bogota Judicial Police," it primarily consisted of a medical diagnosis.

The record does not support Ramirez's argument that she has a well-founded fear of persecution on a protected ground upon return to Guatemala.  Ramirez is not entitled to a presumption of a well-founded fear of future persecution because

she failed to establish that she suffered past persecution. Ramirez's speculation about future attacks based on her alleged attempted kidnapping does not compel a finding that there is a reasonable possibility of future persecution. See 8 C.F.R. § 208.16(b)(1); Sepulveda, 401 F.3d at 1231.

We **DENY** Ramirez's petition for asylum and withholding of removal.

4